05-7005-cr
United States v. Dominguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2006

Docket No. 05-7005-cr

Argued:  June 22, 2007

Decided:  February 15, 2008

Amended: March 20, 2008

_____

UNITED STATES OF AMERICA,

Appellant,

v.

KASHA RICHARDSON,

Defendant,

CAROL DOMINGUEZ,

Defendant-Appellee.

_____

Before:  MINER, SACK, and HALL, Circuit Judges.

Appeal by the Government from a judgment of conviction and sentence for conspiracy to distribute cocaine and cocaine base entered in the United States District Court for the Northern District of New York (Hurd, J.) insofar as the sentence reflects a departure of approximately 93% from the statutory minimum sentence, the District Court having determined that the Government's motion for a downward departure based upon defendant's cooperation enabled it to exercise discretion, apparently informed by a variety of specified and unspecified factors, to impose a sentence it deemed "fair and reasonable under the circumstances."

Vacated and remanded.

BRENDA K. SANNES, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (John M. Katko, Assistant United States Attorney, of counsel), Syracuse, NY, for appellant.

CRAIG P. SCHLANGER, Syracuse, NY, for defendant-appellant Carol Dominguez.

MINER, Circuit Judge:

Appellant United States of America (the "Government") appeals from a judgment of conviction and sentence for conspiracy to distribute cocaine and cocaine base entered in the United States District Court for the Northern District of New York (Hurd, J.) against defendant-appellee Carol Dominguez ("Dominguez") insofar as the sentence of 464 days reflects a departure of approximately 93% from the statutory minimum sentence of 240 months. The District Court determined that the Government's motion for a downward departure based on Dominguez' assistance to the Government enabled it to exercise discretion, apparently informed by a variety of specified and unspecified factors, to impose a sentence it deemed "fair and reasonable under the circumstances."

On appeal, the Government contends that the starting point for a reduced sentence is the statutory minimum sentence, that the only factors to be considered in this case are those relating to Dominguez' cooperation, that the District Court erred in failing to put forth sufficient reasons to justify the departure, and that the extent of the departure was unreasonable in any event. Dominguez responds that the District Court did use the statutory minimum as a point of departure, properly considered sentencing factors other than cooperation, imposed a reasonable non-Guidelines sentence, and adequately stated its reasons for imposing the sentence. For the reasons given below, we vacate, remand, and articulate the appropriate methodology to be employed in resentencing Dominguez.

## BACKGROUND

By a Superseding Indictment filed on September 23, 2004, the Government charged Dominguez, along with fifteen co-defendants, with knowingly and intentionally conspiring to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base, all in violation of 21 U.S.C. § 846. According to the Indictment, the conspiracy began "in or about January 2002, the exact date being unknown," and continued up to the date of the Indictment, September 23, 2004. The loci of the conspiracy were said to be in Oneida County, in the

Northern District of New York, and elsewhere.  Because Dominguez was convicted previously for a felony narcotics violation, the Government invoked against her in the Indictment and in an Information filed on January 7, 2005 the enhanced penalty provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851.  Pursuant to these provisions, Dominguez was subject to a mandatory minimum sentence of imprisonment of twenty years.

The charges against Dominguez and her co-conspirators arose from the operation of a large-scale cocaine distribution ring centered in the city of Rome, New York.  Members of the conspiracy obtained large quantities of cocaine and cocaine base (crack) from suppliers in New York City and then transported the drugs in bulk quantities to Rome.  There, the drugs were broken down into smaller quantities and prepared for later distribution.  Members of the conspiracy then saw to the distribution of the repackaged narcotics throughout New York's Mohawk Valley, including the areas in and around the cities of Utica and Rome in Oneida County.

On April 7, 2005, Dominguez executed a written plea agreement (the "Agreement") with the United States Attorney for the Northern District of New York, agreeing to enter a plea of guilty to the conspiracy charged in the Indictment.  In the Agreement, Dominguez admitted to a "personal relationship with co-[conspirator] Kasha Richardson," who was named as a defendant in the same Indictment.  She also admitted that she "conducted drug trafficking activity with [Richardson] on a regular basis" and revealed that "[o]n occasion, [she] would hold or store crack cocaine, cocaine powder and drug-related proceeds for Richardson at her residence."  The Agreement included a clause providing that "[t]he quantity of controlled substances involved in this conspiracy and attributable to [Dominguez] included between 50 and 150 grams of a mixture or substance containing a detectable amount of cocaine base (crack) and an unknown quantity of cocaine."

In exchange for Dominguez' agreement to enter a guilty plea, the United States Attorney stipulated, inter alia, that Dominguez' criminal history category could not be "definitively

determined prior to the completion of the presentence investigation"; that the quantity of controlled drug substances attributable to Dominguez established a criminal offense level of 32, "without consideration of information provided by the Defendant which is protected by U.S.S.G. § 1B1.8"; that the United States Attorney would recommend a downward departure of three levels based upon Dominguez' continued acceptance of responsibility and the prompt entry of a plea of guilty; and that "[t]here are no facts and circumstances which would warrant an upward or downward departure from the applicable Sentencing Guidelines range in this case." The parties to the Agreement acknowledged that "[t]he sentence to be imposed upon the Defendant is within the sole discretion of the sentencing Court, subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder."

In a presentence investigation report ("PSR") prepared on July 27, 2005 and revised on September 29, 2005, the Northern District Probation Office calculated Dominguez' offense level at 25 after crediting her with adjustments for her mitigating role and acceptance of responsibility. With respect to criminal history, the PSR noted that Domiguez was sentenced in Oneida County Court on November 13, 2000 to a term of probation of five years after being convicted for fifth degree criminal possession of a controlled substance with intent to sell. As a result of Dominguez' past conviction, one point was added to her criminal history score. Dominguez' criminal history score was further increased by two points because she was on probation when she committed the instant offense. Accordingly, the report established a total of three criminal history points, resulting in a criminal history category of II.

Invoking the sentencing table at U.S.S.G. Chapter 5, Part A, the PSR indentified a Guidelines range of 63–78 months, based on the foregoing calculations. Citing U.S.S.G. § 5G1.1(b) (mandatory minimum sentence is Guideline Sentence where greater than maximum of applicable Guidelines range), the PSR observed that the offense of conviction carried a minimum term of twenty years and that the Guidelines sentence therefore would be 240 months. An

addendum to the PSR noted that a sentencing conference was waived, that neither the defense counsel nor the Government had any objections to the Guidelines calculations contained in the report, and that several minor revisions with regard to Dominguez' personal history were made at the request of defense counsel.

A sentencing memorandum (the "Memorandum") was filed on behalf of Dominguez on November 13, 2005. In the Memorandum, counsel for Dominguez pointed out that, as of the day scheduled for sentencing, November 16, 2005, his client would have been confined for a total of 464 days in federal custody. Arguing that Dominguez had made good use of her time and had maintained a "positive attitude" toward post-arrest rehabilitation during her confinement at the Montgomery County Correctional Facility, counsel noted that she had applied for enrollment in academic programs, obtained a job in the jail laundry, and started a women's group focused on making better life choices. Attached to the Memorandum were fourteen letters of support from family, members of the community, and former co-workers.

As summarized by counsel, the letters submitted "show [Dominguez] to be a responsible, hard-working, capable and generous person with an excellent employment record and the benefit of a close family and network of friends who have stood by her, and will continue to stand by her so as to help her stay 'straight' when she returns home." The Memorandum concluded by requesting the court, inter alia, to establish a Guidelines sentence based on an offense level of 25 and a criminal history category of II in accordance with the presentence investigation report; to impose a sentence less than that provided by the Guidelines range in consideration of the factors recommended in 18 U.S.C. § 3553(a); and to at least impose a sentence of imprisonment at the low end of the Guidelines range.

On November 14, 2005, the Government filed its sentencing memorandum (the "Government's Memorandum"), under seal, adopting the Guidelines sentencing range set forth in the presentence investigation report. The Government's Memorandum included motions for downward departure pursuant to § 5K1.1, United States Sentencing Guidelines, and for a

sentence below the statutory minimum pursuant to 18 U.S.C. § 3553(e), based on Dominguez' cooperation with authorities after her arrest. The nature, extent, and usefulness of that cooperation were set forth at some length in the Government's Memorandum. The Government began its calculation of a recommended sentence by noting that the indicated Guidelines sentence is the statutory mandatory minimum of twenty years (240 months) as provided in U.S.S.G. § 5G1.1(b).

Applying a criminal offense level of 36 and a criminal history category of II for a result that encompasses 240 months (210–262 months), the Government subtracted three levels for Dominguez' cooperation to arrive at a level of 33, yielding a sentencing range of 151–188 months. The Government contended that a sentence within this range "would be reasonable and appropriate based upon all of the relevant sentencing factors." United States Sentencing Mem. at 8. "[O]bject[ing] to the imposition of a sentence below this Guidelines range," the Government argued that "[a]ll of the relevant factors that might be considered under 18 U.S.C. § 3553(a) in imposing the sentence in this case have been taken into account by the Sentencing Guidelines." Id.

Dominguez filed a Supplemental Memorandum, under seal, on November 14, 2005, responding in the main to the Government's motions for a downward departure and for a sentence below the statutory minimum. Reviewing the considerations for downward departure set forth in U.S.S.G. § 5K1.1, counsel for Dominguez argued that the assistance rendered by his client fulfilled every consideration enumerated, including the risk of injury to Dominguez or her family. Def. Supp. Mem. at 1–2. Accordingly, counsel argued that a downward departure from the Sentencing Guidelines of more than the three levels recommended by the Government was warranted. Id. at 2. Counsel also argued that no term of supervised release was necessary and urged departure from the specified minimum term of supervised release. Id.

Sentencing proceedings were conducted in open court on November 16, 2005. Dominguez and counsel for the Government at that time advised the court that they had no

7

"objections to the factual accuracy" of the presentence investigation report. The court thereupon adopted the factual statements in the report, made the report part of the record, and directed the report to be placed under seal. The court next ascertained that counsel had no objections to the probation officer's application of the Sentencing Guidelines and therefore found that the Guidelines range was 63–78 months, "but with the mandatory minimum, the Guideline range [sic] is two hundred and forty months.

Continuing with the sentencing proceeding, the court granted the motions made by the Government under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and stated that "[t]herefore, the mandatory minimum is no longer applicable." The court then heard from Dominguez' mother and a former employer, both of whom spoke to her good qualities and recommended leniency. Dominguez' counsel then spoke on her behalf, noting that a number of her family and friends were present in the courtroom and that a number of letters speaking to her good character previously were submitted to the court. He next reviewed the goals of sentencing set forth in 18 U.S.C. § 3553(a) and asked the court to examine those goals and "find [that] a sentence of less than forty-six months, would be, as we said, sufficient, and certainly not greater than necessary to accomplish the purposes of sentencing." In support of his sentencing request, counsel characterized his client as "well on her way to rehabilitation," with many positive influences in her life and "definite and positive plans for the future."

Dominguez briefly addressed the court and said that she was "very sorry for the actions that I have chosen in my life." She expressed gratitude to her family and friends and apologized for the problems she had caused them in the past. She stated: "And I know if given the chance again, I would make the right decisions. And I want to make the right decisions."

Responding to the arguments made on behalf of Dominguez, the Assistant United States Attorney representing the Government argued that counsel for Dominguez improperly calculated

8

the Guidelines range at 26 minus the three-level downward departure.[1] According to the Government, the three-level departure should have been taken from the 240 months required by the mandatory minimum sentence. Conceding that Dominguez was remorseful and that she had great support from her family, the Government argued that the extent of her participation and her prior conviction were pertinent factors to be considered. Counsel for the Government "ask[ed] the [c]ourt to resist the urge to go well below the appropriate [G]uideline range because there are factors that come into this case which indicates [sic] that she should have learned her lesson, and she did not." As to Dominguez' cooperation, counsel for the Government stated to the court: "I absolutely did not need her, but we did it anyway, and we gave her a break in that regard." He indicated that her participation in criminal activity was greater than reflected in the charge that was made.

Addressing Dominguez, the District Judge said: "I don't find that your involvement is substantial as [the attorney for the Government] indicate[d], but you were involved." Without the Government's motion for departure based on cooperation, the District Judge indicated that a twenty-year sentence would be required and he "would have absolutely no discretion" in the matter. The District Judge advised Dominguez as follows: "Now that the motion has been made, I have discretion to sentence you as to what I feel would be fair and reasonable under the circumstances." After warning Dominguez of the consequences of further wrongdoing, the court stated as follows: "I have reviewed and considered all the pertinent information including but not limited to the presentence investigation report, submissions by counsel, the factors outlined in 18 U.S.C. Section 3553 and the sentencing guidelines."

The court thereupon sentenced Dominguez to a term of 464 days, the time already served in pre-trial confinement. The court imposed an eight-year term of supervised release and required Dominguez to participate in a substance abuse program and to perform community service.

---

[1] Counsel for the Government apparently misspoke at the sentencing hearing; counsel for Dominguez argued that the Guidelines range was 25 minus the three-level downward departure recommended by the Government.

Following the imposition of sentence, counsel for the Government made the following inquiry: "Is there a certain calculation the [c]ourt used to reach that sentence or just basically time[] served based on all the circumstances of the case?"  The court responded:  "Based on all the circumstances in the case and the motion by the government, this is the [c]ourt's sentence."  Counsel for the Government thereupon "ma[d]e [his] objection for the record."

By checking the appropriate boxes on a standard pre-printed form, filed under seal, with headings entitled "Statement of Reasons," and attached to the written judgment of conviction and sentence, the District Court indicated: that it "adopt[ed] the presentence investigation report without change"; that it determined that the mandatory minimum sentence did not apply on account of substantial assistance in accordance with 18 U.S.C. § 3553(e); that the court departed from the advisory Guidelines range for reasons authorized by the Sentencing Guidelines Manual; and that the sentence imposed departs below the advisory Guideline range based on the Government's § 5K1.1 motion relating to substantial assistance.

## ANALYSIS

We are constrained to review sentences for reasonableness.  See United States v. Booker, 543 U.S. 220, 261 (2005).  Our review encompasses both the procedural and substantive aspects of reasonableness in the sentencing context.  See United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005).  Procedural reasonableness requires us to examine whether the district court properly "(a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a)."  United States v. Rattoballi, 452 F.3d 127, 131–32 (2d Cir. 2006).  As to substantive reasonableness, our review requires that we consider only whether the length of the sentence is reasonable in light of the § 3553(a) factors.  Crosby, 397 F.3d at 113–15.  Courts of appeals may presume that a sentence that is imposed within the Guidelines range is reasonable, but the presumption is not binding.  See Rita v. United States, 127 S. Ct. 2456, 2462–63 (2007).  Our review of a district court's interpretation of the Sentencing Guidelines is de novo, and we

apply the clearly erroneous standard when evaluating a district court's findings of fact. <u>United States v. Selioutsky</u>, 409 F.3d 114, 119 (2d Cir. 2005).

The sentencing factors set out in 18 U.S.C. § 3553(a), with which we are concerned in our review of both procedural and substantive reasonableness, are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentence available;

(4) the kinds of sentence and the sentencing range established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines —

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code . . . ; and

. . . .

(5) any pertinent policy statement —

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In the case before us, Dominguez is subject to a congressionally mandated minimum sentence of twenty years, since the punitive statute to which she is subject calls for a statutory minimum period of incarceration of twenty years to life. <u>See</u> 21 U.S.C. § 841(b)(1)(A). Although the Government in its brief on appeal characterizes Dominguez' cooperation as "modest," its

motions for downward departure describe fairly extensive assistance to the authorities on her part. These motions brought into play the provisions of both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Section 3553(e) provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

In the wake of Booker, the second sentence of the foregoing provision must be read to require application of the Sentencing Guidelines in an advisory, rather than in a mandatory, capacity. Cf. United States v. Castillo, 460 F.3d 337, 353–54 (2d Cir. 2006) (holding that in context of "safety valve" statute, 18 U.S.C. § 3553(f), which allows for downward departure from statutory minimum sentence when certain criteria principally relating to the nature of the offense and prior criminal conduct are met, Guidelines sentence need not be imposed, and defendant "may instead receive the benefit of the advisory Guidelines regime").

A distinction must be made between motions for departure under the provisions of U.S.S.G. § 5K1.1 and motions for a sentence reduction to a level below the mandatory minimum sentence pursuant to 28 U.S.C. § 3553(e). U.S.S.G. § 5K1.1 provides:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
>
> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

12

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

The distinction between the two provisions relating to substantial assistance is properly stated as follows: "A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum." United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007) (quoting Melendez v. United States, 518 U.S. 120, 128–29 (1996)).

In the absence of any explanation by the District Court regarding the method employed in applying the two pertinent provisions relating to assistance, we are unable to say whether the sentence imposed on Dominguez was procedurally reasonable. Nor are we able to discern, on the basis of the record made on sentencing in open court, whether a sentence of 464 days — a substantial departure from the advisory Guidelines sentence, and a 93% reduction from the mandatory minimum of 240 months — was substantively reasonable.

The District Court merely stated that it was taking into account "all the pertinent information including but not limited to the presentence investigation report, submissions by counsel, the factors outlined in 18 U.S.C. Section 3553 and the sentencing guidelines." When counsel for the Government inquired as to the court's method of "calculation," the court responded: "Based on all the circumstances in the case and the motion by the government, this is the [c]ourt's sentence." In the context of this case, it seems to us that the District Court did not satisfy its obligation to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The PSR is no substitute, because the factual findings in the report provided inadequate support for the sentence imposed. See United States v. Carter, 489 F.3d 528, 539–40 (2d Cir. 2007).

13

In light of the foregoing, remand for resentencing is indicated. The procedure to be followed by the District Court in resentencing Dominguez is as follows. The District Court must first ascertain the appropriate Guideline range. Because, as it appears has already been calculated, the mandatory minimum sentence, here 240 months, exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. Such a procedure is required by U.S.S.G. § 5G1.1(b), which provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum will be the guideline sentence."[2]

Where the statutory minimum sentence becomes the Guidelines sentence, and in the absence of any other motions for upward or downward departure, a government motion to depart below the Guidelines pursuant to U.S.S.G. § 5K1.1 is, as a practical matter, superfluous. While § 5K1.1 provides guidance to the sentencing court regarding factors to consider in calculating a below-mandatory-minimum departure, it does not, in and of itself, authorize a district court to depart below a statutory minimum — such a departure may only occur pursuant to a government motion made under 18 U.S.C. § 3553(e). See Melendez v. United States, 518 U.S. 120, 124–26 (1996) (holding that a motion pursuant to U.S.S.G. § 5K1.1 does not authorize a court to depart below a statutory minimum and that for a court to do so requires a motion complying with the requirements set out in 18 U.S.C. § 3553(e)).

When, as here, the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory

---

[2] The Guidelines Sentencing Range is determined in a series of steps prescribed by U.S.S.G. § 1B1.1(a)–(g), including identification of the conduct and the corresponding offense level, followed by application of appropriate adjustments related to victim, role, obstruction of justice, and acceptance of responsibility; identification of the defendant's criminal history category and any applicable adjustments to the offense level; and, finally, reference to the Sentencing Table in U.S.S.G. Ch. 5, Pt. A to find the intersection of the offense level so determined (vertical axis) and the criminal history category (horizontal axis) so found. The intersection thus ascertained displays in the Sentencing Table a Sentencing Range. Where, as here, the statutory minimum sentence of imprisonment exceeds the span of months of imprisonment encompassed within the range so identified, the minimum sentence becomes the Guidelines sentence.

14

minimum may be based only on substantial assistance to the government and on no other mitigating considerations. See 18 U.S.C. § 3553(e) (providing "defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense" as singular ground for departing below statutory minimum); see also United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006), cert. denied, 127 S. Ct. 1148 (Jan. 22, 2007) ("We . . . join the majority of circuits in holding that the extent of a . . . § 3553(e) departure must be based solely on assistance-related concerns."); United States v. Williams, 474 F.3d 1130, 1130–31 (8th Cir. 2007) ("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations."); United States v. Auld, 321 F.3d 861, 867 (9th Cir. 2003) ("[I]n fixing a substantial assistance departure . . [t]he district court may not, however, consider factors unrelated to the defendant's assistance."). In arriving at a final sentence, of course, the district court may consider other factors in determining whether to grant the full extent of the departure permitted by § 3553(e).

Although by itself § 5K1.1 may not be used to effectuate a departure below a statutory minimum sentence, its factors are instructive in determining the maximum permissible extent of a departure below the statutory minimum pursuant to § 3553(e). See Melendez, 518 U.S. at 129 ("Section 5K1.1(a) may guide the district court when it selects a sentence below the statutory minimum."); see also United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999) ("[T]he district court should use the factors listed in § 5K1.1(a)(1)–(5) as its guide when it selects a sentence below the statutorily required minimum sentence.").

The case before us must be remanded for imposition of a sentence in accordance with the procedure described above. Only then can we begin to decide whether a below-statutory minimum sentence does not fall beneath a level "reflect[ing] . . . [Dominguez'] substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). Moreover, we expect that on remand the District Court, in making any appropriate

reduction for substantial assistance, will adequately articulate in open court and in its written order of judgment a statement of reasons for the sentence imposed.  See 18 U.S.C. § 3553(c); United States v. Sindima, 488 F.3d 81, 85 (2d Cir. 2007).  The reasons thus given will enable us to determine whether any reduction for substantial assistance below the statutory minimum was excessive or unreasonable.  See United States v. Saenz, 428 F.3d 1159, 1164–65 (8th Cir. 2005).

## CONCLUSION

For the foregoing reasons, we vacate the sentence and remand for resentencing consistent with this opinion.