**UNITED STATES of America,
Appellee,**

v.

**Angelo PRAIAS, Defendant–Appellant.**

**No. 06–5099–cr.**

United States Court of Appeals,
Second Circuit.

April 25, 2008.

Paul J. Evangelista, Assistant Federal Public Defender, Molly Corbett, Albany, NY, for Appellant.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, Thomas Spina, Assistant United States Attorneys, Albany, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

Angelo Praias appeals from a judgment of conviction entered on October 11, 2006,

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

sentencing him principally to 87 months' imprisonment followed by 10 years of supervised release. His conviction followed a guilty plea to one count of transporting an individual under 18 years of age in interstate commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).

Praias contends on appeal that the district court erred in applying a two-level enhancement under the Sentencing Guidelines for "unduly influenc[ing] a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B) (2005). We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review the district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. *United States v. Richardson,* 521 F.3d 149, 156–57 (2d Cir.2008).

Section 2G1.3(b)(2)(B) of the Guidelines—the 2005 version of the Guidelines is applicable here—instructs a sentencing court to increase a defendant's offense level by two levels if it finds that the defendant "unduly influenced a minor to engage in prohibited sexual conduct." The application note to this section further provides that "[i]n a case in which a participant is at least 10 years older than the minor, there [is] . . . a rebuttable presumption, . . . that such participant unduly influenced the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3 cmt. n.3(B) (2005) ("Application Note 3(B)"). The rebuttable presumption is warranted because "some degree of undue influence can be presumed because of the substantial differ-

ence in age between the participant and the minor." *Id.*

Praias does not dispute that at the time of the commission of the offense he was 71 years old and the victim was 15. The rebuttable presumption arising from a greater than 10–year age difference from Application Note 3(B) therefore applied. We conclude that the district court did not err in finding that Praias failed to rebut the presumption. The district court adopted the findings in the Presentence Report, which asserted that Praias drove in his own car from New York to Kentucky to transport the victim to his apartment, tied the victim's breasts together, took photos of the victim's vagina, and discussed engaging in a "master/slave" relationship with the victim. In light of the age difference, Praias's use of his superior resources to accomplish the offense, and the evidence of psychological manipulation, the district court did not err in finding that the enhancement applied.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.