**UNITED STATES of America,**
**Appellee,**

v.

**Raymond FIGUEROA, Defendant–**
**Appellant.**

**No. 05–6023–cr.**

United States Court of Appeals,
Second Circuit.

May 6, 2008.

Randall D. Unger, Forest Hills, N.Y. (Elizabeth E. Macedonio, Bayside, NY, on the brief), for Defendant–Appellant.

Eric Snyder, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Raymond Figueroa appeals from an order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*), entered on September 22, 2005, declining to resentence Figueroa, after having originally sentenced him upon a guilty plea principally to 87 months' imprisonment for one count of conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A), one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), following our *Crosby* remand, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), *cert. denied*, —— U.S. ——, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). We assume the parties' familiarity with the relevant procedural history, facts, and issues on appeal.

We review *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *United States v. Richardson*, 521 F.3d 149, 156–57 (2d Cir.2008). We review for "reasonableness" the decision of a district court declining to alter a sentence following a *Crosby* remand. *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 881, 169 L.Ed.2d 739 (2008). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). We thus review a district court's sentence for procedural and substantive reasonableness. *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Figueroa first argues that the District Court failed to articulate the factors used in its determination not to resentence him and that the District Court erred in

[1]. The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

ignoring Figueroa's history and characteristics, including his learning disability and deaths in his family, as required by 18 U.S.C. § 3553(a)(1). "[T]he law does not impose 'any rigorous requirement of specific articulation' on sentencing judges with respect to their consideration of § 3553(a) factors." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir.2008) (quoting *Crosby*, 397 F.3d at 113); *see id.* (reiterating that we do not require "robotic incantations" of the statutory factors). Further, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Fernandez*, 443 F.3d at 30; *see also Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (holding that the law on what is required in a judicial opinion leaves much "to the judge's own professional judgment"). The record reflects that the District Court considered the information about Figueroa's history and characteristics that it was presented with both during the original sentencing and on remand. The District Court addressed Figueroa's new argument on remand regarding his remorse and found that it did not warrant an altered sentence. We thus conclude that the District Court carefully considered the section 3553(a) factors, *see Rita*, 127 S.Ct. at 2468–69, and that its decision not to resentence was reasonable.

■ Figueroa also argues that the District Court violated 18 U.S.C. § 3553(a) by sentencing him to a harsher term of imprisonment than necessary. We must "give[ ] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 128 S.Ct. at 602. Here, the District Court concluded that the "sentence as originally imposed meets the objectives of 18 U.S.C.

§ 3553(a)." "There is no indication that the District Court actually failed to consider the requirements of the parsimony clause when deciding whether to resentence [the defendant] pursuant to *Crosby*." *Williams*, 475 F.3d at 477. We find that the sentence, which was at the bottom of the applicable Guidelines range, was well within the broad range of reasonable sentences that the District Court could have imposed. *See Fernandez*, 443 F.3d at 27.

We have considered all of the appellant's arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.