12-2510-cr
*United States v. Reyez-Nieto (Melendez)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
ALISON J. NATHAN,
*District Judge.**

---

UNITED STATES OF AMERICA,

                     *Appellee,*

     v.                                12-2510

GUILLERMO REYES-NIETO, AKA RAY,
AKA FLORENCIO REYES, RAMIRO REYES,
AKA CARLOS, ALEXIS JIMINEZ,
AKA ALEXIS MUNOZ-JIMENEZ, JUSTINE DURFEE,
EDGAR CORONA, AKA EDGAR A. CORONA,

                     *Defendants,*

ROBERTO MELENDEZ, AKA ROBERTO DIAZ,
AKA ROBERTO DIAZ-MELENDEZ,

---

    * The Honorable Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*[**]

FOR APPELLANT:       Robert L. Sussman, Blodgett, Watts, Volk
                     & Sussman, P.C., Burlington, VT.

FOR APPELLEE:        Heather E. Ross, Assistant United States
                     Attorney, Gregory L. Waples, Assistant
                     United States Attorney, *for* Tristram J.
                     Coffin, United States Attorney for the
                     District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Vermont is **AFFIRMED.**

Defendant-Appellant Roberto Diaz-Melendez[1] ("Diaz-Melendez") appeals from a judgment by the United States District Court for the District of Vermont (Reiss, *C.J.*) sentencing him principally to 78 months' imprisonment for conspiring to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841 and conspiring to possess a firearm in furtherance of a drug trafficking crime in violation of 18

---

[**] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

[1] Defendant-Appellant is variously referred to as Roberto Diaz-Melendez, Roberto Melendez-Diaz, Roberto Diaz and Roberto Melendez. Because both parties' briefs identify Defendant-Appellant as Roberto Diaz-Melendez, for purposes of this appeal, so will we.

U.S.C. § 924(o). In reaching this sentence, the district court departed downward from the 120-month statutory minimum applicable in this case pursuant to the Government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Diaz-Melendez argues that the district court erred by refusing to grant a further downward departure on the basis of his extraordinary rehabilitation. We disagree. The Pre-Sentence Report identified a Guidelines range of 78-97 months. However, because Diaz-Melendez was subject to a statutory mandatory minimum, the Guidelines sentence became 120 months. The district court had "[l]imited authority" to depart below the Guidelines range on the basis of the Government's motion pursuant to Section 3553(e). 18 U.S.C. § 3553(e). "When, as here, the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations." *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008) (citing 18 U.S.C. § 3553(e)); *see also United States v. Williams*, 551 F.3d 182, 186-87 (2d Cir. 2009).

3

The district court properly refused to depart downward on the basis of Diaz-Melendez's post-arrest rehabilitation, which, we note, the district court deemed not to be extraordinary given that Diaz-Melendez tested positive for cocaine on one occasion while under pre-trial supervision. Likewise, the district court separately analyzed the other grounds for downward departure argued by Diaz-Melendez, including family ties, employment record, and totality of the circumstances, and found that they lacked merit based upon its consideration of the factors under 18 U.S.C. § 3553(a).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4