12-2425-cr
*United States v. Khan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> J. CLIFFORD WALLACE,[1]
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                  No. 12-2425-cr

ABDUL NADEEM KHAN,

> *Defendant-Appellant,*

IFTIKHAR ALI RIZVI, AKA BILLA BRONX; NABEEL
RANA, AKA NABEEL MOHAMMAD BUTT; SHAHID
BHATTI; NARESH SONDHI,

> *Defendants.*[2]

---

[1] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[2] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR DEFENDANT-APPELLANT:**    STANISLAO A. GERMAN (Jason Richland, Law Student, *argued*), Law Offices of Stanislao A. German, New York, NY.[3]

**FOR APPELLEE:**    BRENT S. WIBLE (Michael Bosworth, Katherine Polk Failla, *on the brief*), *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's June 5, 2012 judgment is **AFFIRMED**.

Defendant-appellant Abdul Nadeem Khan was charged in a four-count Indictment filed on October 27, 2010. On May 9, 2011, Khan pleaded guilty before Judge Cote, pursuant to a plea agreement with the government, to three of the counts in the Indictment (conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One), conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count Two), and conspiracy to commit identity theft, in violation of 18 U.S.C. § 1028(f) (Count Three)). He then pleaded guilty before Magistrate Judge Cott, pursuant to a superseding cooperation agreement,[4] to aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1)(c)(4)-(5), and 2 (Count Four).

On June 4, 2012, Khan was sentenced by Judge Cote to 39 months' imprisonment on Counts One through Three, and 24 months' imprisonment on Count Four. Judge Cote ordered that these sentences run consecutively, making Khan's total term of imprisonment 63 months. The undisputed Guidelines range was 87 to 102 months' imprisonment.

On appeal, Khan only argues that his sentence was procedurally unreasonable because Judge Cote did not expressly state that, under 18 U.S.C. § 3553(e), she could sentence him without regard to the 24-month mandatory minimum sentence otherwise applicable to the aggravated identity theft count (Count Four). We assume the parties' familiarity with the facts and procedural history of this case.

---

[3] Law student appearing pursuant to Local Rule 46(e).

[4] The government submitted, pursuant to U.S.S.G. § 5K1.1, a May 25, 2012 memorandum to the District Court, in which it asked the District Court to sentence Khan in light of his assistance in the prosecution of Shadid Bhatti, one of Khan's co-defendants.

**DISCUSSION**

Criminal sentences are generally reviewed for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). A district court errs procedurally when "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Where, as here, a defendant has not preserved a claim of procedural unreasonableness, "rigorous plain error analysis is appropriate." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). Khan agrees that plain error review is appropriate in these circumstances. Appellant's Br. 3, 6. A finding of "plain error" requires that

> (1) there is an error; (2) the error is plain, that is, the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (internal quotation marks and bracket omitted).

We find no error, much less plain error, here. Khan's arguments to the contrary are not persuasive, and we find no basis in the record to support his view that Judge Cote misapprehended her authority, pursuant to 18 U.S.C. § 3553(e), to give a sentence below the statutory minimum on Count Four for several reasons.

First, we presume that sentencing judges are aware of their sentencing options. *See, e.g.*, *United States v. Quinones*, 511 F.3d 289, 319 (2d Cir. 2007) ("To the extent defendants submit that the district court must have misconstrued [a particular sentencing provision], we do not lightly assume that an experienced district judge has misread or misunderstood a criminal statute."); *United States v. Sweeney*, 90 F.3d 55, 58 (2d Cir. 1996).

Second, the record supports the view that Judge Cote was aware of her ability to sentence Khan below the 24-month mandatory minimum on Count Four. *See* App'x 44-45 ("I have nothing further to add, your Honor, except to say that I neglected to say that the government was moving

under Section 3553(f) [*sic*]⁵ as well, which applies to the mandatory two year sentence, so I believe that would give the court *complete discretion in terms of the sentence*.") (emphasis supplied). Indeed, Judge Cote only referenced Count Four's 24-month mandatory minimum sentence in determining the applicable Guidelines range, *see id.* at 41-42, *before* the government discussed Khan's cooperation and the District Court's discretion pursuant to § 3553(e), *see id.* In the circumstances, we see no reason why Judge Cote needed to expressly state the obvious: that § 3553(e) allowed her to sentence Khan below the 24-month mandatory minimum sentence with regard to Count Four.

Third, despite Khan's argument to the contrary, the ability of a district judge to sentence without regard to a mandatory minimum sentence, pursuant to § 3553(e), is clear from the text of the statute⁶ and the law of this Circuit. *See, e.g.*, *United States v. Rivera*, 662 F.3d 166, 175 n.8 (2d Cir. 2011) ("That remains true even though a substantial assistance motion under 18 U.S.C. § 3553(e) has been filed and the mandatory minimum is no longer applicable."); *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008). Given our multiple decisions on this precise issue, we are at a loss to understand Khan's basis for asserting that a district court's authority under § 3553(e) is an open question in this Circuit.

## CONCLUSION

We have considered all of Khan's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's June 5, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

⁵ The government incorrectly stated that it was moving under § 3553(f) instead of § 3553(e). This misstatement, however, was corrected by defense counsel immediately. App'x 45 ("Just thinking off the top of my head, I think it's 3553(e), your Honor, not F.").

⁶ 18 U.S.C. § 3553(e) provides:

> **(e) Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

4