13-2230-cr
*United States of America v. Manuel Palma*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT:

ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,

                           *Circuit Judges.*

————————————————————————

UNITED STATES OF AMERICA,

                           *Appellee,*

     -v.-                                    No. 13-2230-cr

MANUEL PALMA,

                        *Defendant-Appellant.*

————————————————————————

                         ERIC M. CREIZMAN, Creizman LLC, New York, New York, *for Defendant-Appellant.*

                         DOUGLAS M. PRAVDA (Susan Corkery, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, *for Appellee.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-Appellant Manuel Palma appeals from a May 22, 2013 judgment of the United States District Court for the Eastern District of New York (Korman, *J.*), convicting him upon his plea of guilty of conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and sentencing him to 72 months' imprisonment, five years' supervised release, and a $100 special assessment. On appeal, Palma argues that the district court's below-Guidelines sentence of 72 months' imprisonment was procedurally unreasonable under 18 U.S.C. § 3553(c) because the district court did not articulate the reasons for the sentence imposed and did not address the sentencing factors pursuant to 18 U.S.C. § 3553(a). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\* \* \*

Appellate review of a challenged sentence is limited to "reasonableness," *United States v. Booker*, 543 U.S. 220, 261-62 (2005), for both "the sentence itself" and "the procedures employed in arriving at the sentence," *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted). This court reviews a district court's sentencing decisions under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 49 (2007). However, where – as here – a defendant fails to object to alleged procedural error before the district court, the sentence is reviewed only for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007). Finding no error, much less plain error, in the district court's sentencing procedure, we affirm.

Palma's primary argument on appeal is that the district court failed to satisfy its obligation to state in open court the reasons for its imposition of a particular sentence. But "[e]stablishing that

a sentencing court failed to fulfil the 'open court' requirement is not . . . tantamount to establishing plain error." *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (per curiam). We have explained that the "failure to satisfy the open court requirement of § 3553(c) . . . does not constitute 'plain error' if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence." *Id.* (internal quotation marks omitted).

Here the district court expressly adopted the PSR in its Statement of Reasons. The PSR itself was more than sufficient to support the district court's sentence. For example, the PSR detailed that Palma was responsible for importing and distributing at least 50 kilograms and likely as much as 100 kilograms of heroin, and that he had sent approximately $1.5 million in proceeds from the sale of heroin to suppliers in Ecuador. The district court also noted that "I might have gone lower. I'm generally quite generous in these cases. I think I've been generous here too[,] but there's an awful lot of drugs that he imported into the United States." To be sure, the district court's oral explanation was brief, but considered in connection with its adoption of the PSR and the totality of the circumstances presented, it was sufficient to support the sentence. We cannot say that the district court's explanation of reasons for the sentence constituted plain error.[*] *See e.g., Espinoza*, 514 F.3d at 212.

Palma also challenges the district court's sentence as procedurally unreasonable because the district court did not specifically state that it considered each of the factors under 18 U.S.C. § 3553(a). This argument is without merit. "[T]here is no requirement that the court mention the [18 U.S.C. § 3553(a)] factors, much less explain how each factor affected the court's decision. In

---

[*]Appellant's reliance on *United States v. Richardson,* 521 F.3d 149 (2d Cir. 2008), is misplaced. In *Richardson*, the procedural reasonableness of the sentence was reviewed for abuse of discretion, whereas here our review is limited to the more deferential plain error standard.

3

the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006).

We have reviewed Palma's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4