17-2387 (L)
U.S. v. Colon-Flores, Martinez-Figueroa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
                    ROBERT D. SACK,
                    DENNY CHIN,
                            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

             <u>Appellee</u>,

             -v.-                                                        17-2387
                                                                         17-2786

NATASHA COLON-FLORES, EDDIE
MARTINEZ-FIGUEROA,

             <u>Defendants-Appellants</u>,

EDMALDO FIGUERO-MARTINEZ, AKA
PO, ERIC MARTINEZ, AKA BOOBIE, JAMEL
FEBUS, AKA SHRIMP, DENNIS FIGUEROA,
AKA LUCKY, DAVID NICHOLS, JEREMY
DELMORAL, DARIUS WRIGHT, YOUSIF
ALHUJAZI, AKA JACOB, JOSHUA
MALDONADO, CHAD RIVERS, MICHAEL
HAYES, JOSE LABOY, ALEXANDER SISTI,
JEFFERY LENCHMAN, KAREN PEPPER, 22064-
052 METROPOLITAN CORRECTIONAL
CENTER 15- PARK ROW NEW YORK, NY
10007, RAUL RIVERA-AVILES, F/K/A SEALED
DEFENDANT 1,

Defendants.

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT EDDIE MARTINEZ-FIGUEROA:** | RICHARD LUEDEMAN (James I. Glasser, <u>on the brief</u>), Wiggin and Dana LLP, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT NATASHA COLON-FLORES:** | Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY. |
| **FOR APPELLEE:** | RAJIT S. DOSANJH, Assistant United States Attorney (Carla B. Freedman, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeals from judgments of the United States District Court for the Northern District of New York (Suddaby, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as to Colon-Flores, and the appeal of Martinez-Figueroa is **DISMISSED**.

Defendants Natasha Colon-Flores and Eddie Martinez-Figueroa challenge sentences imposed after they pleaded guilty to participating in a heroin-trafficking conspiracy in the Northern District of New York (Suddaby, C.J.). Both Defendants operated phone lines to direct dealers and customers in the heroin-trafficking conspiracy and relayed the location, amount, price, and timing of heroin sales. Colon-Flores argues that the district court erred by applying a sentencing enhancement and denying her safety-valve relief from a statutory mandatory minimum; Martinez-Figueroa argues that his attorney rendered ineffective assistance with respect to his sentencing.

**1.** Colon-Flores contests the denial of safety-valve relief under 18 U.S.C. § 3553(f) and the application of an aggravating role enhancement to her sentencing guidelines calculation. At sentencing, the court agreed with the pre-sentence report's assessment that Colon-Flores "operat[ed] at a management level, directing other people with regard to distribution of narcotics" and applied an aggravating-role enhancement pursuant to United States Sentencing Guidelines § 3B1.1(b). App'x 49. The court also found Colon-Flores ineligible for the safety-valve by reason of her unwillingness to provide truthful and complete information concerning the offense. See 18 U.S.C. § 3553(f)(5). She was sentenced to the mandatory minimum of 120 months' imprisonment.

We review the sentencing court's factual findings for clear error, but we review the court's interpretation of the safety valve provisions and its determination that a defendant deserves a sentencing enhancement *de novo*. United States v. Kleiner, 765 F.3d 155, 158 (2d Cir. 2014); United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997).

Excerpts of Colon-Flores's telephone conversations and text messages demonstrate that she coordinated and directed the supply and delivery of heroin by, for example, keeping track of how much heroin street-level dealers were selling so they could be resupplied. She also warned dealers not to "rip off"

3

customers and negotiated agreements to use houses as distribution points. Colon-Flores thus "exercised some degree of control over others involved in the commission of the offense," making her a manager or supervisor for purposes of the sentencing enhancement. United States v. Burgos, 324 F.3d 88, 92 (2d Cir. 2003) (quoting United States v. Blount, 291 F.3d 201, 217 (2d Cir. 2002)) (internal alteration omitted). This same conduct also renders her ineligible for safety-valve relief. See 18 U.S.C. § 3553(f)(4) ("[T]he defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines."). We therefore need not reach the issue of whether she provided truthful and complete information concerning the offense.

**2.** Martinez-Figueroa faced a mandatory minimum sentence of 240 months' imprisonment, but the government, by letter dated August 10, 2017, advised the district court that it intended to request a downward departure from the mandatory minimum. The government proposed a three-level departure from a base offense level of 35 for a total offense level of 32, which, with Martinez-Figueroa's criminal history category of III, would result in a guidelines range of 151 to 188 months. At sentencing, however, the court stated: "The Court finds the total offense level is 27, the criminal history category is III, and the guidelines imprisonment range is 151 to 188 months." J. App'x 59. The court proceeded to sentence Martinez-Figueroa to 151 months' imprisonment. Id. At the end of the sentencing hearing, defense counsel clarified: "[J]ust in terms of the guidelines range, the Court finds the guidelines range is 151 to 188?" Id. at 62. When the court answered, "correct," defense counsel replied, "I understand. Thank you." Id.

Martinez-Figueroa waived his right to appeal "[a]ny sentence to a term of imprisonment of 240 months or less." Id. at 27. He retained, however, the right to bring an ineffective assistance of counsel claim, and he argues on appeal that his counsel rendered constitutionally deficient assistance with respect to his sentencing.

"[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Massaro v. United States, 538 U.S. 500, 504 (2003). We are "generally disinclined to resolve ineffective assistance claims on direct review." United States v. Gaskin, 364 F.3d 438, 467

4

(2d Cir. 2004). In this case, given the record before us, we are reluctant to deviate from this "baseline aversion." United States v. Khedr, 343 F.3d 96, 99 (2d Cir. 2003).

We have some concerns. First, the district court concluded that the offense level was 27 and the guidelines range was 151 to 188 months. But an offense level of 27 with a criminal history category of III carries a guidelines range of 87 to 108 months. It thus appears that the district court misstated either the total offense level or the guidelines range. Second, it is not apparent that defense counsel's effort to clarify the sentence succeeded, for it was still not clear whether the court determined that the total offense level was 27 or 32. It is not apparent from the record whether defense counsel was satisfied or whether he had some reason for not pursuing the issue further. Third, it does not appear that defense counsel ever, in writing or orally, addressed whether the government's proposed three-level departure was sufficient or whether a greater reduction was warranted under the circumstances. A fair question is presented as to whether defense counsel should have argued for a greater reduction. Finally, the court's rationale for accepting the government's recommendation of a three-level reduction is not apparent from this record. The court did not, "at the time of sentencing," "state in open court the reasons for its imposition of the particular sentence," as required by statute. 18 U.S.C. § 3553(c). While we have recognized "that the 'open court' requirement may be satisfied by the district court adopting the PSR in open court," United States v. Molina, 356 F.3d 269, 277 (2d Cir. 2004), here "[t]he PSR is no substitute, because the factual findings in the report provided inadequate support for the sentence imposed," United States v. Richardson, 521 F.3d 149, 158 (2d Cir. 2008), specifically with respect to the sufficiency of the three-level reduction.[1] Nor does the court's conclusory statement in the written Statement of Reasons provide an adequate explanation.

---

[1] In Richardson, on a record similar to that presented here, we remanded for resentencing with the following instructions: "[W]e expect that . . . the District Court, in making any appropriate reduction . . ., will adequately articulate in open court and in its written order of judgment a statement of reasons for the sentence imposed." 521 F.3d at 160. We note that, to the extent the parties had any concerns about discussing the issues in open court, they could have requested that a portion of the proceedings be held *in camera*.

In light of these concerns, we decline to decide Martinez-Figueroa's ineffective assistance challenge on direct appeal and leave these issues to be decided on a more complete record should he seek collateral review.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment as to Colon-Flores and **DISMISS** the appeal of Martinez-Figueroa.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court