*United States v. Trimm*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2020

(Argued: May 21, 2021          Decided: June 2, 2021)

No. 20-2264

_____

UNITED STATES OF AMERICA

*Appellant*

-v.-

HILLARY TRIMM

*Defendant-Appellee*

_____

Before:     LIVINGSTON, *Chief Judge*, JACOBS, and MENASHI, *Circuit Judges*.

Pursuant to a plea agreement, Defendant-Appellee Hillary Trimm ("Trimm") assisted the Government in securing the conviction of her co-conspirator.  Trimm's plea agreement vested in the Government sole discretion to determine whether and how to credit Trimm's cooperation including, inter alia, whether to move pursuant to either or both U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).  After evaluating Trimm's assistance via its established internal processes, the Government decided to make a motion under § 5K1.1 but not under § 3553(e).   The district court held that the Government's refusal to make the latter

motion was both for an unconstitutional reason and in bad faith. We hold both conclusions were in error. The Government's refusal to make a § 3553(e) motion based on its valuation of Trimm's cooperation was not an unconstitutional act. Section 3553(e) gives the Government a power, not a duty, to permit a district court to depart from a mandatory minimum based on a defendant's substantial assistance. Absent some other showing of unconstitutionality, it is not unconstitutional for the government to conclude that a defendant's assistance is worthy of a § 5K1.1 motion but no more based on its internal assessment of the costs and benefits of a further departure. We also hold that the Government did not act in bad faith. Where an agreement reserves to the Government the sole discretion to determine whether and how to value the cooperation of the defendant, the Government need not express dissatisfaction with the defendant's assistance to conclude that a § 5K1.1 motion but not a § 3553(e) motion is appropriate based on the Government's good faith valuation of the defendant's cooperation. Accordingly, the judgment of the district court is vacated and the case is remanded for resentencing with instructions that the case be reassigned.

FOR APPELLANT: PAUL D. SILVER (Lisa M. Fletcher, *on the brief*), Assistant United States Attorney for the Northern District of New York, Albany, NY

FOR DEFENDANT-APPELLEE: GEORGE F. HILDEBRANDT, Syracuse, NY

PER CURIAM:

This case underscores that the authority of a district court, pursuant to 18 U.S.C. § 3553(e), to impose a sentence below a statutory minimum to take account of a defendant's substantial assistance is limited – that this is an authority contingent by statute on Government motion and that the Government, absent breach of a contractual obligation, has "a power, not a duty, to file a motion when

2

a defendant has substantially assisted."[1]  *Wade v. United States*, 504 U.S. 181, 185 (1992).   The United States appeals from the June 30, 2020 judgment of the District Court for the Northern District of New York (Hurd, *J.*) sentencing Defendant-Appellee Hillary Trimm ("Trimm") principally to imprisonment for sixty months after her plea of guilty, pursuant to a plea agreement, to a one-count information charging a violation of 18 U.S.C. § 2251.   Trimm pleaded guilty to conspiring with Stacey J. LaPorte, Jr. ("LaPorte") to use a minor female to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.[2] The applicable statutory minimum term for this offense is fifteen years.   The district court sentenced Trimm below this term after ordering the Government to

---

[1]  The full text of 18 U.S.C. § 3553(e) is as follows:

**Limited Authority to Impose a Sentence Below a Statutory Minimum**.– Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.   Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

[2]  At her change of plea hearing, Trimm admitted to entering into an agreement with LaPorte regarding the sexual abuse of Trimm's infant daughter, who was not yet one year old at the time.   Trimm admitted to taking videos of herself performing sexual acts with her daughter and sending them to LaPorte via the application Kik Messenger. LaPorte also abused the infant sexually, with Trimm's assistance.

3

make a § 3553(e) motion and charging that its refusal to do so voluntarily was both unconstitutional and in bad faith, on the theory that by withholding the motion, the Government was purposefully and unduly constraining the court's sentencing discretion.

This is the Government's second sentencing appeal in this case. The first time around the district court also directed the United States to move pursuant to § 3553(e), so that the court could sentence Trimm below the statutory minimum. When the Government declined to do so, stating that its valuation of Trimm's substantial assistance did not support a motion pursuant to § 3553(e), the district court nevertheless sentenced Trimm to a term of imprisonment of ninety months, deeming the § 3553(e) motion to have been made without finding that the Government had either acted in bad faith or with an unconstitutional motive. We vacated that judgment and remanded for resentencing. We do so again now, and remand with the direction that Trimm be sentenced before a new district court judge.

## BACKGROUND

Trimm entered her guilty plea on May 11, 2017, pursuant to a written plea agreement with an addendum reflecting the terms of her agreement to cooperate

4

with the United States Attorney's Office for the Northern District of New York.

In the addendum, the United States Attorney's Office agreed, in relevant part, as follows:

> At or before sentencing, the United States Attorney's Office will advise the Court of the nature and extent of the cooperation and assistance provided by the defendant pursuant to this Addendum to the Plea Agreement. If the United States Attorney's Office determines, in its sole discretion, that the defendant has provided "substantial assistance" in the investigation or prosecution of one or more other persons who have committed offenses, it may, in its sole discretion, credit the defendant in one or more of the following ways: (i) move for a downward departure pursuant to either or both U.S.S.G. §5K1.1 and/or 18 U.S.C. § 3553(e) . . . .

App'x at 40. The addendum explicitly provides that the United States Attorney's Office "does not promise or guarantee that it will make such motion(s) for departure . . . . Whether and how to credit any proffered cooperation and assistance is within the sole discretion of the United States Attorney's Office." App'x at 41. The agreement further notes that in the event of a Government motion for departure based on the defendant's substantial assistance, "the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the sentencing Court, *subject to any statutory minimum penalty*, which will limit the extent of any departure in the event the United States

5

Attorney's Office, in its sole discretion, declines to make a motion for a downward departure under 18 U.S.C. § 3553(e)." App'x at 42 (emphasis added).

At the plea hearing before the district court, the Government indicated that based on the parties' sentencing stipulations as to base offense level and adjustments, Trimm's offense level was over 43, the highest level in the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Even at Criminal History Category I, the Government advised, the Guidelines in such a case yield a Guidelines range of life, which is over the statutory maximum for the offense to which Trimm was pleading guilty. Trimm's actual Guidelines sentence, the Government said, would thus be 360 months (thirty years), the statutory maximum. *See* U.S.S.G. § 5G1.1(a). As to the statutory minimum, the district court specifically advised Trimm that she also faced a mandatory minimum of fifteen years, saying, "Just to be clear, as of now, this circumstance may change, but at the time I sentence you as of right now, you are facing a minimum of fifteen years prison which means that I cannot, even if I was so inclined, give you any less than fifteen years." App'x at 65.

It is undisputed that Trimm provided substantial assistance to the Government in its prosecution of LaPorte, described by the Government as a

6

"dangerous serial sex offender." *United States v. Trimm*, 450 F. Supp. 3d 195, 203 (N.D.N.Y. 2020). Trimm, along with another of LaPorte's co-conspirators, MacKenzie L. Bailey ("Bailey"), testified at LaPorte's trial. Trimm's testimony related to Count Two, regarding the exploitation of her daughter. Bailey testified regarding LaPorte's exploitation of three additional children, as well as his on-line child pornography activities. LaPorte was convicted on each of the six counts with which he was charged and was sentenced principally to ninety-five years' imprisonment.

As to Trimm, the Probation Department prepared a Presentence Investigation Report in connection with her contemplated sentencing and concluded that Trimm's offense level was, indeed, 43 and that the Guidelines would thus yield an imprisonment range of life. Trimm's actual imprisonment range thus became the statutory maximum of thirty years for her offense of conviction. Before Trimm was sentenced for the first time, the Government advised that while it intended to move at the sentencing hearing pursuant to U.S.S.G. § 5K1.1 for a downward departure from Trimm's applicable Guidelines range based on her substantial assistance in LaPorte's prosecution, it did not intend to move pursuant to 18 U.S.C. § 3553(e) for a sentence below the fifteen-

year mandatory minimum. In a letter to the court, the United States specified that it "intend[ed] to move for a departure of 5 levels, from a Total Offense Level of 42," which represented the "closest Guidelines level" to 43 (Trimm's actual offense level) "that allows for a 30-year sentence." App'x at 71. A five-level downward departure from that starting point yielded a sentencing range of 210 to 262 months. The Government recommended a term of imprisonment of 210 months, the bottom of that range.

Trimm moved for the district court to compel the Government to make a motion pursuant to § 3553(e). The Government, in response, explained that pursuant to its procedures for determining whether to make a § 5K1.1 motion for a downward departure; the extent of any recommended departure; and whether to move pursuant to § 3553(e), the recommendation in Trimm's case was subject to multiple levels of review (including by the United States Attorney) at which consistent considerations were applied. As explained at Trimm's first sentencing, the Government's § 5K1.1 motion, beginning at level 42, called for more than a twelve-year reduction from Trimm's Guidelines sentence and that in the Government's view this reduction was sufficient to "generously account[] for [Trimm's] substantial assistance" without "oversell[ing] [her] usefulness to the

8

government."[3] App'x at 97. The district court nevertheless determined that Trimm was entitled to a ten-level departure. Beginning with an offense level of 40 instead of 42 and Criminal History Category I, the district court determined that the applicable Guidelines range was 97 to 121 months. The court then "deemed" a § 3553(e) motion to have been made, notwithstanding that the Government had made no such motion, and that the court had made no determination that the Government had acted for an unconstitutional motive or in bad faith. The district court sentenced Trimm principally to a term of imprisonment of ninety months.

The Government appealed and, as already noted, we vacated and remanded the judgment, observing as follows:

> The district court here purported simply to "deem" the government to have made a motion that it had expressly declined to make, apparently because the court believed that a sentence below the statutory minimum was appropriate. But the district court did not find unconstitutional motive or bad faith. . . . Accordingly, it was without authority to sentence Trimm below the statutory minimum of 15 years' imprisonment.

*United States v. Trimm*, 756 F. App'x 109, 110 (2019).

---

[3] The Government noted, specifically, that even without Trimm's cooperation, it had charged "and was prepared to and did try Mr. LaPorte for multiple other charges" pursuant to which he was "accountable for [a] lifetime sentence" and would most likely have received one, even without regard to Count Two, the focus of Trimm's testimony. App'x at 98.

On remand, Trimm moved once again to compel the Government to make a § 3553(e) motion. The district court granted the motion, concluding first that the Government had acted with an unconstitutional motive to limit the court's sentencing discretion in declining to make the motion and, second, that it had acted in bad faith. As to unconstitutional motive, the district court affirmed that the Government's refusal to file a § 3553(e) motion was designed "to reduce this Court's discretion to depart from the Government's notion of the appropriate total sentence." *Trimm*, 450 F. Supp. 3d at 209. The district court observed that the Government "has not alleged that Trimm committed perjury at any point, was found to be incredible by any judge, offered sham information, actively misled the Government, or compromised investigative efforts." *Id.* at 213. Nor has she committed any further crimes, the court noted, "which might bear a rational relationship to the Government's legitimate interests in deterring crime." *Id.* The district court concluded that there was thus "a fundamental defect in the Government's position" and that "it cannot be said that the Government conducted a rational assessment of the cost and benefit that would flow from moving under § 3553(e) here." *Id.* at 213–14.

As to its conclusion that the Government had acted in bad faith, the court acknowledged that "without question, the Cooperation Agreement does not expressly obligate the Government to file a substantial assistance motion." *Id.* at 216. At the same time, it said, the Government "has never once alleged that Trimm did not in fact substantially assist or that she somehow breached either the Plea or Cooperation Agreements." *Id.* at 217. The court characterized the Government's failure to move pursuant to § 3553(e) as "arbitrary," insisting that the Government had "offered *no* reason for its decision to withhold the motion." *Id.* at 217, 221. The court concluded that "the only reason the Government did not make a § 3553(e) motion was to prevent the Court from sentencing Trimm below the 15 year mandatory minimum. That is not a proper reason. That is a violation of the Cooperation Agreement. That is bad faith." *Id.* at 229.

The Government moved for reconsideration, which was denied. The Government then filed a § 3553(e) motion under protest, noting that "there is no legal or factual basis for these court orders." App'x at 244. The district court responded by again reiterating its determination that the Government had acted with an unconstitutional motive and in bad faith. The court added that "because of the Government's unconstitutional motive and bad faith, in addition to and

11

separate from the 'compelled motion,'" it again "deemed" the United States to have made the § 3553(e) motion. App'x at 248–49.

Before the second sentencing proceeding, the Government filed a sentencing memorandum which again described the value of Trimm's cooperation, comparing it to the value of the cooperation provided by Bailey and noting, again, that Trimm's testimony was unnecessary to prove five of the six counts charged against LaPorte. The Government again recommended a sentence of 210 months, noting that this recommendation comported with its goals "of avoiding sentencing disparity and treating all cooperating defendants fairly by assessing their cooperation through a consistent set of policies and procedures employed in every case across the Northern District of New York." App'x at 255. It observed that it had recommended a six-level departure for Bailey and that a ten-level departure, which the district court had previously granted to Trimm, "oversells the value of Trimm's cooperation, and leads to unwarranted sentencing disparity" as compared to Bailey. App'x at 255. The Government noted that it was "aware of no metric by which Trimm's assistance to the Government was more valuable than Bailey's." App'x at 257.

12

In addition, the Government noted that in the earlier sentencing proceeding, the district court had departed by ten levels and then granted a motion for a further sentencing reduction based on reasons other than Trimm's cooperation, including her age, the fact that she has three children, and her mental health treatment. The Government explained that this was error pursuant to this Court's decision in *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008) (noting that "the maximum permissible extent of [a § 3553(e)] departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating circumstances").[4]

Trimm was resentenced on June 25, 2020. The district court concluded that the Government's failure to raise *Richardson* in the earlier appeal resulted in its waiver of the argument that the court was constrained to follow it in resentencing Trimm. Starting again at an offense level of 40, the court reduced Trimm's level to 35 based on evidence of Trimm's efforts at rehabilitation in prison, as well as various § 3553(a) factors.[5] It again determined that Trimm was deserving of a

---

[4] Trimm's sentencing memorandum, in contrast, focused largely on Trimm's rehabilitative efforts in prison. Trimm argued that the district court could impose a sentence below the ninety-month sentence it had previously imposed, and requested a sentence of seventy-two months.

[5] Trimm concedes on appeal that the district court procedurally erred in applying

13

ten-level downward departure pursuant to U.S.S.G. Section 5K1.1 and 18 U.S.C. § 3553(e), resulting in an offense level of 25. Concluding that the Guidelines range was now 57 to 71 months, the district court imposed a 60-month term of imprisonment. This appeal followed.

**DISCUSSION**

The Government argues that the district court erred in disregarding the statutory mandatory minimum in this case by both: (1) compelling the Government to move pursuant to 18 U.S.C. § 3553(e) to permit it to sentence Trimm without regard to this minimum; and (2) "deeming" such a motion to have been made. We agree. To be sure, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade*, 504 U.S. at 185–86. In addition, in the context of a plea agreement in which the Government, as here, has promised to file a § 3553(e) motion in its sole discretion, based on its assessment of a defendant's cooperation, the district court may review "whether the prosecutor has made its determination in good faith" and provide an appropriate remedy where this is not the case. *United States v.*

---

this variance before turning to the § 5K1.1 departure.

14

*Rexach* 896 F.2d 710, 714 (2d Cir. 1990) (quoting *United States v. Rexach*, 713 F. Supp. 126, 128 (S.D.N.Y. 1989)).   Here, however, the district court had no basis in the record for its determination that either of these circumstances applied. [6] Accordingly, the district court erred in compelling the § 3553(e) motion, in "deeming" the motion made, and otherwise in concluding that the Government acted improperly.

**A.   Unconstitutional Motive**

We first address the district court's determination that the Government acted pursuant to an unconstitutional motive.   In *Wade*, the Supreme Court held that federal district courts have the authority to grant a remedy if they find that a prosecutor's refusal to file a substantial-assistance motion was based on an unconstitutional motive – because of a defendant's race or religion, for example, or where the refusal to move "was not rationally related to any legitimate

---

[6] We review the district court's judgment *de novo*.   While we review questions of fact for clear error, the district court here noted that the government's decision was not based on invidious considerations and the record contains no factual findings supporting a conclusion that the Government acted for an impermissible motive or in bad faith under settled law.   Thus, while questions of impermissible prosecutorial conduct in sentencing involve issues of both law and fact in the abstract, the instant case primarily calls on us to "expound on the law" and to "develop[] auxiliary legal principles of use in other cases." *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018).   We thus conclude our review here is *de novo*.

Government end." 504 U.S. at 186. But *Wade* also affirmed that a defendant must make a "substantial threshold showing" even to obtain discovery or require a hearing on the issue of improper motive, and "generalized allegations" of such a motive do not entitle a defendant to relief. *Id.* (internal quotation marks omitted).

As the district court observed, "[t]here is no suggestion" here that the Government's decision not to make a § 3553(e) motion was based on invidious considerations. *Trimm*, 450 F. Supp. 3d at 211. Rather, the court concluded that "the Government's refusal to move under § 3553(e) was not rationally related to any legitimate Government end," but was, in fact, directed at limiting the court's sentencing discretion. *Id.* at 214. As the Eighth Circuit recognized in *United States v. Moeller*, however, "[t]he government's refusal to file a § 3553(e) or § 5K1.1 motion always has the *effect* of limiting the sentencing court's discretion." 383 F.3d 710, 713 (8th Cir. 2004). And the only evidence of impermissible *motive* cited by the district court is the mere fact that the Government's valuation of Trimm's concededly substantial cooperation nevertheless resulted in a recommendation above the mandatory minimum.

16

This is a far cry from the threshold showing required by *Wade*. And the district court's conclusion stems from a misapprehension as to the scope of the prosecutor's discretion in evaluating whether to make a § 3553(e) motion. The district court incorrectly asserted that "the prosecutor's role" in deciding whether to move pursuant to § 3553(e) "is limited to determining *if* a defendant provided substantial assistance," and not how to value that cooperation. *Trimm*, 450 F. Supp. 3d at 214. But prosecutors evaluate both the "quantity and quality" of a defendant's cooperation. *Moeller*, 383 F.3d at 713. As *Wade* observes, a prosecutorial decision not to move pursuant to § 3553(e) even when a cooperator has provided substantial assistance is not enough to suggest improper motive or even the "failure to acknowledge or appreciate [the cooperator's] help." 504 U.S. at 187. Instead, a decision not to move may stem simply from the rational assessment of costs and benefits – the very sort of assessment that the Northern District says it undertakes across the run of cases in order to "avoid[] sentencing disparity and treat[] all cooperating defendants fairly by assessing their cooperation" through standardized procedures. App'x at 255; *see also United States v. Motley*, 587 F.3d 1153, 1160 (D.C. Cir. 2009) (rejecting contention that "it is

17

necessarily irrational for the government to refuse to file under § 3553(e) once it finds that a defendant has provided substantial assistance").

Trimm also argues that evidence of impermissible motive can be found in the Government's selection of offense level 42, as opposed to 40, as the starting point from which it calculated the five-level departure that the Government believed to be merited by Trimm's cooperation. We disagree. Trimm's Guidelines offense level was 43, pursuant to which her Guidelines sentence would have been life. Her Guidelines sentence thus became the thirty-year maximum penalty for her offense. The Government selected offense level 42 as the starting point for its five-level departure because this is the level "closest" to level 43 that incorporates a thirty-year sentence. Trimm cites no authority, much less any binding authority, that suggests any error in this approach. *See United States v. Diaz*, 546 F.3d 566, 568 (8th Cir. 2008) (noting that the Guidelines "do not mandate a particular approach for calculating a substantial-assistance downward departure" because the sentencing court, in its discretionary authority, "may, as here, depart by levels" but "it also may depart by months"). Indeed, the disagreement between the Government and the district court as to the starting point for the downward departure fails to evidence improper motive at all, much

18

less to the substantial degree required by *Wade* as the threshold for further inquiry. *See Wade*, 504 U.S. at 186; *see also United States v. Pamperin*, 456 F.3d 822, 825 (8th Cir. 2006) (noting that a threshold showing "requires more than the presentation of evidence of substantial assistance and general allegations of improper motive," given presumption that prosecutors have properly discharged their duties absent clear evidence to the contrary).

Moreover, Trimm's argument is premised on the Government's supposed deviation from its policy and practice of making a § 3553(e) motion if the departure it recommends reduces the Guidelines range below the mandatory minimum. In this case, the five-level reduction from offense level 42 did not bring the range below the minimum, but the district court's approach, beginning from level 40, did. Trimm suggests that the Government's failure to follow the district court's lead and re-apply its policy represents an improper deviation from that policy. But she identifies no wording in the plea agreement promising uniform application of internal policies and procedures nor any support for her allegation that the Northern District departed from its own practices in failing to follow suit with the district court. In a proper case, deviation from consistent policy could

19

evidence unconstitutional motive. But it is not such motive in itself. And Trimm has failed even to establish a deviation.

In sum, every refusal to move pursuant to § 3553(e) has the effect of limiting the district court's discretion and therefore this fact, standing alone, does not demonstrate an unconstitutional motive. Here, the Government moved pursuant to § 5K1.1 for a departure from the Guidelines and recommended that the district court depart downwards by five levels from thirty years to 210 months, a more than twelve-year reduction from Trimm's Guidelines sentence based on her cooperation. The Government's position, as in *United States v. Motley*, is that Trimm's assistance "justified such a substantial sentence reduction, but not more. That position is not irrational." 587 F.3d at 1159–61 (rejecting suggestion "that the government must file a § 3553(e) motion *any* time it files a § 5K1.1 motion"). Nor did the Government act improperly in comparing Trimm's cooperation with Bailey's, or in seeking to treat Trimm similarly to other cooperators in the Northern District. Because the record contains no evidence of an unconstitutional motive, the district court erred in attributing such motive to the Government in this case.

**B. Bad Faith**

We similarly conclude that the district court erred in concluding, without basis in the record, that the Government acted in bad faith in declining to make the § 3553(e) motion. The court's determination was again premised on its conclusion that "the only reason the Government did not make a § 3553(e) motion was to prevent [the court] from sentencing Trimm below the 15 year mandatory minimum." *Trimm*, 450 F. Supp. 3d at 229. But the Government explained that it is the practice in the Northern District to assess cooperation in terms of departure levels, and then to move pursuant to § 3553(e) only when necessary to give effect to its valuation of the cooperation. The Government had no need to do so here because the 210 months that it recommended in order to account for Trimm's cooperation was higher than the mandatory minimum 180-month term of imprisonment she faced.

This practice, as explained by the Government, is wholly consistent with the cooperation agreement in this case, which makes clear that the prosecutors promised neither a § 5K1.1 nor a § 3553(e) motion, and that "[w]hether and how to credit any proffered cooperation and assistance is within the sole discretion of the United States Attorney's Office." App'x at 41. Indeed, the addendum

21

expressly provides that the final decision as to how much of a reduction in sentence is warranted based on cooperation rests with the sentencing court, "subject to any statutory minimum penalty, which will limit the extent of any departure in the event the United States Attorney's Office, in its sole discretion, declines to make a motion for a downward departure under 18 U.S.C. § 3553(e)." App'x at 42.

Trimm argues that the district court's finding of bad faith was nevertheless appropriate because there is no indication that the Government was dissatisfied with her cooperation. Relying on *United States v. Knights*, 968 F.2d 1483, 1488-89 (2d Cir. 1992), she argues, in addition, that the Government acted in bad faith because she provided all the potential cooperation contemplated at the formation of the cooperation agreement – namely, assistance in the investigation and prosecution of LaPorte – yet the Government still declined to make a motion under § 3553(e). These arguments are unavailing.

First, the fact that Trimm upheld her end of the bargain by testifying is not enough to suggest bad faith in the context of an agreement that expressly lays out that such cooperation might – but might not – warrant a § 3553(e) motion. Nor is this case like *Knights*, where a threshold showing of bad faith *was* made out. In

*Knights*, the cooperating defendant "kept his promise and testified" but the Government, in its sole discretion, refused to make any motion whatsoever for a downward departure, principally based on facts known to the Government "at the time it promised to consider making the substantial-assistance motion." 968 F.2d at 1487-88. Here, in contrast, the Government *recognized* that Trimm provided substantial assistance and made a § 5K1.1 motion on her behalf. The only disagreement concerns *how much* of a departure was warranted, not whether the defendant should receive a benefit from cooperation at all. Moreover, the Government could not have known when it entered into the cooperation agreement before LaPorte's trial how important Trimm's testimony would actually prove to be, even assuming the prosecutors may have expected Trimm to play a particular role.

To be clear, "where a plea agreement provides that the government will file a [§ 3553(e) motion] if it determines that the defendant has provided substantial assistance, a court's review of the government's decision not to file [the] motion is more searching" than in the absence of such an agreement. *United States v. Roe*, 445 F.3d 202, 207 (2d Cir. 2006) (alterations in original) (quoting *United States v. Leonard*, 50 F.3d 1152, 1157 (2d Cir. 1995)). But where, as here, "a cooperation

agreement provides for a motion for downward departure on condition the defendant provide substantial assistance to be determined in the discretion of the prosecutor, then 'the Court's role is limited to deciding whether the prosecutor has made its determination in good faith. If [so], the prosecutor has not breached the agreement and the Court's role is at an end.'" *Rexach*, 896 F.2d at 714 (alteration in original) (quoting *Rexach*, 713 F. Supp. at 128).

The district court clearly disagrees with the Government as to the valuation of Trimm's cooperation in this case. But this is not a sufficient ground on which to base a finding of bad faith on the Government's behalf. In *United States v. Melendez*, the Supreme Court interpreted § 3553(e) and § 5K1.1 to establish a binary motion system, "which permits the Government to authorize a departure from the Guidelines range while withholding from the court the authority to depart below a lower statutory minimum." 518 U.S. 120, 125 (1996). The existence of such a binary motion system necessarily implies that the Government *may* in its discretion conclude in good faith that a defendant is entitled to a § 5K1.1 motion on the basis of cooperation, but that the value of this cooperation was not so great as to merit a § 3553(e) motion authorizing the district court to sentence below a mandatory minimum. In such circumstances, the sentencing discretion

24

of the district court is necessarily constrained. But this fact is not enough, standing alone, to support the conclusion that the Government has therefore acted in bad faith.

*   *   *

This Court has held that "when circumstances 'might reasonably cause an objective observer to question [the judge's] impartiality,'" the Court has the power to remand the case to a different judge. *United States v. Steppello*, 664 F.3d 359, 367 (2d Cir. 2011) (alteration in original) (quoting *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 21 (2d Cir. 1996)). Here, the district court has clearly expressed the view on two separate occasions that a sentence below the mandatory minimum is necessary. In both sentencing proceedings, moreover, the district court failed to apply this Court's directive in *Richardson* that a § 3553(e) departure below the statutory minimum "may be based only on substantial assistance to the government and on no other mitigating considerations." 521 F.3d at 159. And in the second proceeding, the district court sentenced Trimm to 60 months' imprisonment based in part on her rehabilitative efforts since the last sentencing, even after the Government alerted the court to *Richardson* and its import for the present case.

25

Without implying any personal criticism of the district court, we conclude that this is one of those rare cases in which "both for the judge's sake and the appearance of justice, an assignment to a different judge 'is salutary and in the public interest.'" *United States v. Robin*, 553 F.2d 8, 9 (2d Cir. 1977) (first quoting *United States v. Schwarz*, 500 F.2d 1351, 1352 (2d Cir. 1974); and then quoting *United States v. Simon*, 393 F.2d 90, 91 (2d Cir 1968)). Concluding that the *Robin* factors weigh in favor of reassignment, we direct that the case be reassigned on remand.[7]

**CONCLUSION**

We have considered all of the Defendant-Appellee's remaining arguments and find them to be without merit. Accordingly, we VACATE and REMAND the judgment of the district court for resentencing, directing that the case be reassigned. The mandate shall issue on Monday, June 7, 2021.

---

[7] *Robin* provides in relevant part as follows:

[A]bsent proof of personal bias . . . the principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

553 F.3d at 10.