*United States of America v. Hillary Trimm*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

HILLARY TRIMM,

> *Defendant-Appellant*,

v.                                                                    21-1689

UNITED STATES OF AMERICA,

> *Appellee*.

_____

For Defendant-Appellant:        GEORGE F. HILDEBRANDT, Syracuse, New York.

For Appellee:        CARINA H. SCHOENBERGER (Lisa M. Fletcher, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Hillary Trimm appeals from the July 6, 2021 judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*), sentencing Trimm principally to imprisonment for 210 months. Trimm argues that our decision in *United States v. Trimm*, 999 F.3d 119, 122 (2d Cir. 2021) (per curiam) (*Trimm II*), authorized limited rather than *de novo* resentencing and consequently that the district court was bound by the Guidelines range selected in the prior sentencing proceeding as the starting point for a downward departure pursuant to U.S.S.G. § 5K1.1. For the reasons set forth below, we dismiss the appeal because Trimm waived the right to appeal a sentence to a term of imprisonment of thirty years or less as part of her plea agreement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

"We review plea agreements *de novo* and in accordance with principles of contract law." *United States v. Brumer*, 528 F.3d 157, 158 (2d Cir. 2008). "A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range generally is enforceable." *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999). "While plea agreements are to be applied narrowly and construed strictly against the government, exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam) (citations and internal quotation marks omitted). We have recognized the government's breach of a plea agreement as a potential

exception. *Id.* "To determine whether a plea agreement has been breached, we 'look[ ] to the reasonable understanding of the parties as to the terms of the agreement.'" *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (quoting *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000)).

Here, the plea agreement states that Trimm "waives (gives up) any and all rights . . . to appeal . . . [a]ny sentence to a term of imprisonment of 30 years or less." App'x at 22. Trimm's sentence to 210 months is below that threshold. However, Trimm argues that the government breached the plea agreement and therefore the waiver of appeal does not apply. Trimm's argument is premised on the same contention we rejected in *Trimm II*, that the government breached the agreement because it supposedly "deviat[ed] from its policy and practice of making a § 3553(e) motion if the departure it recommends reduces the Guidelines range below the mandatory minimum." *Trimm II*, 999 F.3d at 127. We noted in our previous decision that Trimm "identifie[d] no wording in the plea agreement promising uniform application of internal policies and procedures nor any support for her allegation that the Northern District departed from its own practices." *Id.*

In the first sentencing proceeding, the government explained that its practice is to "assess cooperation in terms of departure levels, and then to move pursuant to § 3553(e) only when necessary to give effect to its valuation of the cooperation." *Id.* at 128. We found this practice "wholly consistent with the cooperation agreement in this case, which makes clear that the prosecutors promised neither a § 5K1.1 nor a § 3553(e) motion, and that '[w]hether and how to credit any proffered cooperation and assistance is within the sole discretion of the United States Attorney's Office.'" *Id.* (quoting App'x at 40).

Further, we expressly rejected the finding that the government acted in bad faith in declining to make a § 3553(e) motion. We explained that "the fact that Trimm upheld her end of the bargain by testifying is not enough to suggest bad faith in the context of an agreement that expressly lays out that such cooperation might – but might not – warrant a § 3553(e) motion." *Id.* at 129. Trimm does not present any new support in this appeal for the argument that the government breached the plea agreement by deviating from its policy and practice or by acting in bad faith. Accordingly, no exception to Trimm's waiver of appeal applies and we must dismiss the appeal.

\* \* \*

We have considered Trimm's remaining arguments and find them to be without merit. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4