21-2906-cr
United States v. Robinson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-four.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
RICHARD J. SULLIVAN,
    *Circuit Judges*.

---

UNITED STATES OF AMERICA,
    *Appellee*,

v.                       No. 21-2906-cr

TYRONE ROBINSON,
    *Defendant-Appellant*.[*]

---

| | |
|---|---|
| APPEARING FOR APPELLANT: | JAMES M. BRANDEN, Law Office of James M. Branden, Staten Island, NY. |
| APPEARING FOR APPELLEE: | ANTHONY BAGNUOLA, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 3, 2021 is AFFIRMED IN PART, VACATED IN PART, and the case is REMANDED for resentencing.

Defendant Tyrone Robinson was convicted at trial of (1) seven counts of Hobbs Act robbery conspiracy, see 18 U.S.C. § 1951(a); (2) four counts of substantive Hobbs Act robbery, see id.; (3) three counts of attempted Hobbs Act robbery, see id.; (4) seven counts of brandishing and/or discharging firearms during crimes of violence, specifically, attempted and completed Hobbs Act robberies, see 18 U.S.C. § 924(c); (5) one count of causing death while discharging a firearm during a crime of violence, specifically, a completed Hobbs Act robbery, see 18 U.S.C. § 924(j); and (6) four counts of possessing firearms and/or ammunition while a felon, see 18 U.S.C. § 922(g).[1]  Robinson was sentenced to life imprisonment for his § 924(j) conviction, consecutive sentences totaling sixty-four years for his § 924(c) convictions, and concurrent prison terms of ten or twenty years for his remaining convictions.   The robberies broadly followed a common pattern: Robinson and his conspirators (1) targeted drug dealers, surprising them while they entered or exited their homes, (2) used zip ties to restrain the dealers and anyone else in the

---

[1]  Judge Feuerstein presided over Robinson's case through trial.   After Judge Feuerstein's untimely death, the case was reassigned to Judge Azrack, who sentenced Robinson and entered judgment.

residence, and (3) brutally pistol-whipped and/or shot those not satisfactorily responsive to demands that they reveal the drugs and cash stashed in their homes.

On appeal, Robinson challenges the validity of his § 924(c) and § 924(j) convictions, the sufficiency of the evidence as to certain convictions, and limitations imposed by the district court on defense cross examination of certain prosecution witnesses.

## I. Section 924(c) and 924(j) Convictions

Robinson challenges his § 924(c) and § 924(j) convictions on the ground that their Hobbs Act robbery predicates were not "crimes of violence." Because Robinson preserved this argument in the district court, our review is *de novo*. See United States v. Morris, 61 F.4th 311, 316 (2d Cir. 2023).

### A. Attempted Hobbs Act Robbery Predicates

The parties agree that Robinson's § 924(c) convictions predicated on attempted Hobbs Act robbery (Counts 9, 18, and 24) must be vacated in light of United States v. Taylor, 596 U.S. 845 (2022) (holding attempted Hobbs Act robbery not crime of violence). While the district court did not have the benefit of Taylor at the time it addressed Robinson's argument, the Supreme Court's decision compels this court to vacate Counts 9, 18, and 24 in light of that intervening precedent.

### B. Substantive Hobbs Act Robbery Predicates

Robinson argues that his § 924(c) and § 924(j) convictions predicated on substantive Hobbs Act robbery (Counts 12, 15, 21, 27, 28) must also be vacated following Taylor. The argument is defeated by precedent, specifically, United States v. McCoy, 58 F.4th 72, 74 (2d Cir. 2023). Insofar as Robinson urges otherwise based on hypotheticals not

3

addressed in McCoy, *i.e.*, Hobbs Act robbery committed (1) by threatening nonphysical injury to intangible property or (2) by threatening harm to oneself, this argument is defeated by United States v. Barrett, No. 21-1379, --- F.4th ---, 2024 WL 2164637, at *14–16 (2d Cir. May 15, 2024) (holding that McCoy's ruling that Hobbs Act robbery is categorical crime of violence forecloses contrary argument based on hypotheticals not addressed in McCoy).

Thus, we affirm Robinson's convictions on Counts 12, 15, 21, 27, and 28.

## II.     Sufficiency Challenges

Robinson argues that the evidence was insufficient to support his convictions for certain Hobbs Act robberies and associated § 924(c) and § 924(j) convictions (Counts 16, 17, 25, 26, 27, and 28), firearm possession (Count 30), and ammunition possession (Count 32).[2]   "A defendant who brings such a challenge bears a heavy burden," because, although our review is *de novo*, "we must draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury's verdict."   United States v. Osuba, 67 F.4th 56, 61 (2d Cir. 2023) (internal quotation marks and citations omitted).   "A conviction will stand so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   Id. (internal quotation marks and citation omitted).   Applying these standards here, we conclude that sufficient evidence existed as to each of the challenged convictions.

---

[2]  Robinson also urges that there was insufficient evidence to support his conviction on Count 18, but, as explained above, we vacate that conviction for a different reason, *i.e.* that attempted Hobbs Act robbery is not a crime of violence that can support conviction under § 924(c).   *See supra* at 3.

4

**A. Counts 16 and 17**

As to Count 16 (robbery conspiracy) and Count 17 (attempted robbery), Robinson argues that there was insufficient evidence (1) that he was one of the perpetrators of the January 13, 2016 attack on Nehemiah Garrett and his brother Demetrius at their home in Hempstead, New York, or (2) that the perpetrators had attempted to commit a robbery.

The first argument fails because, while no eyewitness identified Robinson, cell site location information showed him at the site of the attempted robbery at the time of that crime.    See United States v. Krivoi, 80 F.4th 142, 156 (2d Cir. 2023) (rejecting sufficiency challenge in part because jury could rely on cell site location records as evidence of guilt). Moreover, the crime bore the hallmarks of Robinson's other robberies, *i.e.*, the perpetrators targeted a drug dealer, used zip ties to restrain the victims, demanded their money, and pistol-whipped one of them so brutally that he was left with brain damage.    See United States v. Sampson, 385 F.3d 183, 192 n.7 (2d Cir. 2004) (jury may consider evidence that defendant "used a distinctive *modus operandi*").    Additionally, Robinson's internet search history showed that he searched for "man beaten in hemstead" and "robbery in hempstead ny" shortly after the attack.    Gov't App'x 93.    Viewed in the light most favorable to the government, this evidence was sufficient to permit a reasonable juror to find that Robinson was one of the perpetrators of the crimes charged in Counts 16 and 17.

As for Robinson's second sufficiency challenge, he argues that (1) there was "no proof that the perpetrators" were aware that Nehemiah Garrett was a drug dealer from whom they could steal money or drugs, and (2) the perpetrators did not take the $4 they

5

found in Demetrius Garrett's wallet and therefore did not attempt a robbery. Appellant Br. at 48. Both arguments fail. Nehemiah Garrett testified that he had sold drugs to one of Robinson's associates. A reasonable jury could conclude therefrom that Robinson was aware that Nehemiah Garrett was a drug dealer. Further, a reasonable jury could find that the perpetrators attempted to commit robbery even though they did not steal the $4 found in Demetrius Garrett's wallet. After searching the wallet and finding only $4, one of the perpetrators announced that Demetrius "ain't got no money," and another responded "shoot him"—an exchange that strongly indicated that they were searching for money and would have stolen it if there had been more to take. Moreover, the evidence indicated that the would-be robbers had demanded to enter the Garrett brothers' house but did not do so only because, shortly after they assaulted the brothers, neighbors came outside to investigate. Because evidence from other charged robberies bearing similarities to the January 13, 2016 attack showed that, when given the opportunity, Robinson and his conspirators ransacked their victims' homes in search of drugs and cash to steal, a reasonable jury could conclude that the perpetrators of this attack possessed a similar intent, and would have acted upon it but for the neighbors' intervention. The totality of the evidence was therefore sufficient for a rational jury to conclude that the perpetrators, including Robinson, committed the attempted robbery charged in Count 17.

Accordingly, we affirm Robinson's convictions on Counts 16 and 17.

### B. Counts 25–28

The evidence was likewise sufficient for the jury to convict Robinson of Counts 25

6

through 28, which related to the May 3, 2016 robbery of Rori Johnson Burke and the murder of Burke's friend Jonathan Isaac in the course of that robbery. Strong circumstantial evidence demonstrated Robinson's participation in the Burke robbery. For example, cell site location data and vehicle license plate reader data indicated that Robinson regularly staked out Burke's home in the month before the robbery. Furthermore, Robinson (1) purchased the floor plan of Burke's home; (2) was seen on video (a) driving his car near Burke's home on the day of the robbery and, later, (b) stealing Burke's car and driving it to his own car parked nearby, the latter of which was found the following day outside Robinson's home; (3) searched the Internet for news articles related to the Burke robbery; (4) texted his associate about the robbery; and (5) owned a firearm of the same type that a ballistics analyst concluded had likely discharged the shell casing found in the basement of Burke's home. Indeed, the ballistics analysis confirmed that one of the bullets fired during the Burke robbery was from the same gun used during a December 2015 home invasion robbery for which Robinson was convicted and for which he does not challenge the sufficiency of the evidence.

Robinson acknowledges that his email address was used to purchase the floor plan of Burke's home but argues that the request did not come from him because it was signed "Mike Smith," not Robinson. The jury, however, heard that the purchase was made with Robinson's debit card. From the use of Robinson's debit card and email address, the jury could reasonably conclude that "Mike Smith" was in fact Robinson. While Robinson highlights the absence of DNA, fingerprint, or cell site location evidence placing him at

7

the scene of the crime, the absence of such evidence does not negate other powerful evidence supporting his presence.   See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000) (requiring court to "consider the evidence in its totality").   Similarly, Robinson's contention that he was only "staying abreast [of] local crime news" when he searched for news articles regarding the robbery, Appellant Br. at 51, was an argument he could make to the jury but not one it was required to accept.   See United States v. Litwok, 678 F.3d 208, 214 (2d Cir. 2012).

We therefore affirm Robinson's convictions on Counts 25–28.

### C. Count 30

Robinson disputes the sufficiency of the evidence to prove his possession of firearms while a felon, as charged in Count 30.   While evidence showed the firearms were found on the split-level roof of Robinson's apartment, to which he had access from his second-floor apartment, Robinson argues that the building's owners, who lived on the first floor, had equal or greater access to the roof.

Again, this is an argument that Robinson could make to the jury but not one that it was required to accept.   A defendant's possession of a firearm can be inferred from the firearm's discovery in circumstances suggesting that the defendant had "dominion and control" over the weapon.   United States v. Albarran, 943 F.3d 106, 118 (2d Cir. 2019) (internal quotation marks omitted).   "The government need not disprove that the weapon was subject to the dominion and control of others."   United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998).   Here, the jury heard evidence that Robinson (1) had removed his

apartment's window screen (granting him access to the roof) and (2) had recently texted an associate that he had left "straps" (a term they used for guns) "outside in this weather." Trial Tr. 1729. It further heard that (3) a cooperating witness had sold Robinson the box of ammunition that was found on the roof. Moreover, Robinson's landlord (the homeowner) testified that (4) he reported the guns to the police shortly after he discovered them. The totality of the evidence was sufficient to permit a reasonable jury to conclude that the guns did not belong to the landlord but, rather, were in Robinson's dominion and control. Accordingly, we affirm his conviction on Count 30.

### D. Count 32

Finally, Robinson disputes the sufficiency of the evidence to prove his possession of ammunition, *i.e.*, a shell casing, recovered during a search of his apartment on July 8, 2016, the subject of Count 32. Robinson argues that the charged possession was not possible because a parole officer had conducted a "thorough search" of his apartment on June 10, 2016, and had not found any firearms or ammunition. Appellant Br. at 53. Because Robinson was in custody from June 10 through July 8, he submits that he could not have acquired the ammunition after June 10 and, therefore, did not "possess" it.

Robinson's argument challenges the credibility of the witnesses on whom the prosecution relied to prove possession rather than the sufficiency of that evidence. In any event, the parole officer did not testify that the June 10 search of Robinson's apartment was "thorough"—only that officers had conducted a search and found certain contraband. Such testimony does not, as a matter of law, foreclose the possibility that Robinson

9

acquired the shell casing prior to his June 10 arrest or its discovery in his apartment on July 8. Moreover, an officer testified that the shell casing was interspersed with Robinson's personal property. Assuming, as we must, that the jury credited this testimony, see United States v. Sheehan, 838 F.3d 109, 119 (2d Cir. 2016), that testimony was sufficient for a rational jury to convict Robinson of possession, see United States v. Facen, 812 F.3d 280, 287 (2d Cir. 2016) (holding evidence of constructive possession sufficient when ammunition found in residence containing defendant's "personal documents"); United States v. Bullock, 550 F.3d 247, 251 (2d Cir. 2008) (holding evidence of constructive possession sufficient when ammunition was found in defendant's apartment near, *inter alia*, correspondence addressed to defendant).

## III. Cross Examination

Robinson argues that the district court abused its discretion by limiting his counsel's ability to cross examine certain cooperating witnesses. See United States v. Sampson, 898 F.3d 287, 308 (2d Cir. 2018) (reviewing limitations on cross examination for abuse of discretion). Defense counsel cross examined witnesses about their desire to secure leniency as a result of their cooperation. But the district court sustained government objections to questions suggesting that the government had to file a motion under U.S.S.G. § 5K1.1 for cooperators to obtain a below-minimum sentence.[3] The district court instructed the jury that the witnesses could receive a below-minimum sentence, even in the

---

[3] Although the district court and the parties referred to § 5K1.1 motions, that provision authorizes a downward departure only from the relevant Sentencing Guidelines range. A statute, 18 U.S.C. § 3553(e), authorizes a district court on motion from the government to sentence a defendant below a statutorily mandated minimum sentence. See Melendez v. United States, 518 U.S. 120, 124–26 (1996).

absence of a government motion, "if the Court finds that the government has acted in bad faith" by withholding such a motion. Trial Tr. 203. It further instructed that in assessing witness credibility, the jury could "consider that a witness hopes to receive a benefit at sentencing, but the Court, not the government, is the ultimate sentencing authority." Id. In summation, defense counsel was permitted to argue that the cooperators were "liars and [drug] dealers and criminals" who "come to you having received an agreement from the Government," Gov't App'x 88, and who would only receive leniency if they "satisf[ied] the prosecution," id. at 89.

The district court was correct that, in limited circumstances, it would have the authority, even in the absence of a government motion, to sentence a cooperating witness below a mandatory minimum based on his substantial assistance to the government. See United States v. Trimm, 999 F.3d 119, 125–29 (2d Cir. 2021); Wade v. United States, 504 U.S. 181, 185–86 (1992). Robinson's counsel therefore misstated the law in suggesting that the "only way" a cooperating witness could obtain a below-minimum sentence was through a motion by the government. Gov't App'x 2. Accordingly, the district court did not abuse its discretion in sustaining the objections or issuing a curative instruction to the jury. Moreover, the district court afforded defense counsel adequate opportunity to probe the cooperating witnesses' motives to ingratiate themselves with the government and, even, to lie. See United States v. Stewart, 433 F.3d 273, 313 (2d Cir. 2006) (finding no abuse of discretion where court forbade cross examination regarding witness's breach of cooperation agreement because "jury was already in possession of sufficient information

11

to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government" (internal quotation marks omitted)); see also United States v. Rahme, 813 F.2d 31, 37 (2d Cir. 1987) (similar). Further, counsel was able forcefully to argue these points to the jury in summation.

## IV.     Conclusion

We have considered Robinson's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is VACATED as to counts 9, 18, and 24, AFFIRMED in all other respects, and the case is REMANDED for resentencing. See United States v. Peña, 58 F.4th 613, 619 (2d Cir. 2023) (explaining that "*de novo* resentencing is required where a conviction is reversed in part on [direct] appeal" (internal quotation marks and citation omitted)).

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court