24-1437
*United States v. Jonas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-five.

Present:    DEBRA ANN LIVINGSTON,
                  *Chief Judge*,
            BARRINGTON D. PARKER,
            MARIA ARAÚJO KAHN,
                  *Circuit Judges.*

————————————————————————

UNITED STATES OF AMERICA,

                  *Appellee*,

            v.                                                          24-1437

MISAEL MONTALVO, AKA BORI, AKA MISA,
BRANDON JONAS, AKA .B,

                  *Defendants-Appellants*,

CARMEN M. JUSTINIANO RAMIREZ, AKA MILLIE,
EFRAIN HIDALGO, AKA CHEKO,

                  *Defendants.*

————————————————————————

For Appellee:                      Katherine A. Gregory, Assistant United
                                   States Attorney, *for* Michael DiGiacomo,
                                   United States Attorney for the Western
                                   District of New York, Buffalo, NY.

For Defendant-Appellant:           Sarah Kunstler, Law Office of
                                   Sarah Kunstler, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Brandon Jonas appeals from a decision and order of the United States District Court for the Western District of New York (Arcara, *J.*), entered on January 23, 2024, denying Jonas's request to hold an evidentiary hearing regarding the government's conduct before and during Jonas's sentencing and otherwise rejecting his sentencing arguments.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth here only as necessary to explain our decision to **AFFIRM**.

\*      \*      \*

Although "[o]ur case law is less than clear as to whether we [] review de novo a district court's denial of a defendant's motion for an evidentiary hearing . . . or whether we review such a denial for abuse of discretion," we do not resolve this issue here, because our conclusion is the same irrespective of the standard applied.   *United States v. Roe*, 445 F.3d 202, 206 (2d Cir. 2006).

An evidentiary "hearing is not granted unless the district court has sufficient information to place the issue of the prosecutor's good faith reasonably in dispute."   *United States v. Khan*,

920 F.2d 1100, 1102 (2d Cir. 1990). To do so, a "defendant must make a 'substantial threshold showing' . . . of improper motive, and 'generalized allegations' of such a motive do not entitle a defendant to relief." *United States v. Trimm*, 999 F.3d 119, 126 (2d Cir. 2021) (quoting *Wade v. United States*, 504 U.S. 181, 186 (1992)). Moreover, "[u]nless the government's reasons are wholly insufficient, or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, no hearing is required." *United States v. Imtiaz*, 81 F.3d 262, 264 (2d Cir. 1996) (internal citations omitted).

Jonas has not produced sufficient evidence to meet this threshold requirement. The attorney affirmations on which he relies do not suggest an improper motive or lack of good faith on the government's part. To the contrary, the attorneys expressly affirmed that they "are not suggesting that the prosecutors are being untruthful, or even misleading." Without more, the differences in recollection relied on by Jonas, as recounted in these affirmations, fail to compel an evidentiary hearing.

* * *

We have considered Jonas's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court